*KIRKLAND vs. HIS CREDITORS.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

A creditor of an insolvent who files his opposition to the homologation of the tableau, cannot afterwards urge any irregularities against the proceedings which might have been embraced in his first opposition.

The facts of this cause are fully stated in the opinion of the court, delivered by

*Martin, J.*

Croft, an opposing creditor, is appellant of a judgment overrulling his motion to have the application of the syndics, the appellees for the homologation of the tableau of distribution rejected, and to have all anterior proceedings annulled, and avoided, on the following grounds :

1. There is no order of the judge for a meeting of the creditors to accept the cession, nor any permission prayed for, or obtained by the insolvent, to make the cession.

2. The proceedings before the notary, on the application for a respite, were never returned into court and homologated, so as to authorise any further proceedings.

3. The cession was never accepted by the judge.

4. The insolvent stated no loss of property which rendered a cession necessary.

5. The oath, as to the correctness of the schedule, is not in due form, and is substantially insufficient. The active and the passive debts are not stated, and it is not averred that the property has not been diverted to the injury of the creditors.

6. The party had, the year before, made a similar application, and there is no proof of any new loss.

7. The schedule shows property to the amount of more than twenty thousand dollars, and the debts do not amount to twelve thousand dollars.

It appears that the applicant had, at a former term, filed his opposition to the homologation of the tableau, and had failed, and the District Court was of opinion, he could not now be allowed to make a new one, nor to urge the irregularity of the proceedings anterior to his former opposition.

In this court the appellant's counsel has further shown, as errors apparent on the face of the record:

1. That there was neither citation issued, nor notice sent out by the notary, nor advertisements published, for a meeting on the surrender.

2. The cession was not made to, or accepted by the judge for the benefit of the creditors.

3. Creditors residing out of the parish were not cited,

4. After the close of the proceedings on the respite, the cession could not be made without a new call of the creditors.

5. The cession was made after most of the creditors had departed.

6. The proceedings before the creditors were continued from day to day, without any vote of the creditors.

The counsel for the syndics and appellees have contended, that a creditor, who was a party to the proceedings of an insolvent against his creditors, and who filed an application, cannot maintain an action of nullity for any matter which might have been embraced in his first opposition.----*Babin et al vs. Laine et al.* 4 *n. s.* 611; *Lafon's ex. vs Desesart*, 1 *n. s.* 71;

*A creditor or an insolvent who files opposition to the homologation of the tableau, cannotafterwards urge any irregularities against the proceedings which*

Mayfield vs. Comeau, 7 N. S. 180 ; Saul vs. his creditors, id. 433; White et al. vs. Lobre, id. 566.

We do not think the District Court erred. The appellant came into court with an opposition which was overruled, and the judgment against him was affirmed in this court.—7 N. S. 138 and 516. The matter passed in *rem judicatem.* His appearance cured all anterior irregularities on the score of citation.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.